[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Thaddeus and Marvin Pianka (Piankas), here have appealed the granting of a special use permit to the Victory Independent Baptist Church (Church) by the Planning and Zoning Commission of Watertown (Commission). This permit allowed the Church to operate CT Page 8487 a Christian day school and summer Bible school at the Church premises southerly and adjacent to the Piankas' home. Accordingly, the court finds the Piankas are aggrieved parties under 8.8 of the General Statutes. The conditions of this use were that the school have no more than 27 students, that the school play yard be located southerly of the Church building and that a buffer zone be established on the church's northerly boundary next to the Piankas' house.
The residence zone in which the Church property was located was R-60, which allowed for special use of the property as a church or as a non-profit school. Section 22.2.3 of the Watertown Zoning Regulations. Only after a public hearing may such a use be permitted after the Commission considers the size and intensity of the use, its effect on the town's comprehensive plan, traffic, property values, parking and access, fire and police needs, and water supply and sewage disposal requirements. Sections 52.6.1 to 52.6.7, supra. The regulations also authorize approval subject to appropriate conditions and safeguards necessary to conserve the public health, safety, convenience welfare and neighboring property values. Section 52.5, supra. See A.P. W. Holding Corp. v. Planning Zoning of Milford, 167 Conn. 182.
The action of the Commission in granting the allowed special use was administrative and required if the application meets the Commission's regulations. A.P. W. Holding Corp. v. Planning 
Zoning Board of Milford, 167 Conn. 182. By adopting, in advance, standards which admit the use only under certain circumstances which assure a minimum of injury to surrounding property, the need for the use can be filled while the hazards of the use are reduced. Such uses may be permitted, it has been said, only after obtaining a special permit which enables the zoning authority to control the establishment of troublesome uses on a lot by lot basis.
American Law of Zoning, Sec. 824a, quoted Planning Zoning in Connecticut, 3rd Edition, Byrne.
The court has reviewed the record,[1] taken testimony, viewed the Church property and is satisfied that the Commission did hold the required hearing, did properly consider the factors required, and did act reasonably (Rocchi v. Zoning Board, 157 Conn. 106) in granting the special use with respect to the following factors:
1. The Commission considered the size and intensity of the use and reasonably reduced the number of students to 27 from the 50 requested after visiting the premises and hearing the Church and the Piankas. The Commission heard evidence that the Church had been holding services at the premises for some time and the premises had been used as Church or day care center for over CT Page 8488 twenty years previously.
2. The Comprehensive Plan itself allowed the use of the premises as a church or a non-profit school and accordingly was not inconsistent with the special use.
See Connecticut Land Use Regulations, Tondro (1979) page 80.
3. The premises is located on Connecticut State Highway, Route 63, a primary route to Litchfield with moderate traffic, on which there had only been one traffic complaint known to the Commission. A request from the Commission to the police department to be notified of any traffic problem at the school had also been met with no response. The Commission also heard testimony, which it was free to accept, that four parking spaces were needed to operate the school in a church parking lot sufficient for a larger number of worshippers. This use was already allowed.
4. The Commission solicited the input of the regional health district concerning water and sewage requirements of the school and was told the sewage facility was adequate for the school. The Church was required to use water from a shared well conservatively and agreed to do so, using bottled water for drinking. The health authority stated that it had notified the Church of requirements for water use in that respect and expected compliance.
The health agency also noted that all heating, lighting and ventilation requirements were also met.
5. The Commission also considered the effect of the Church school on the Piankas' property caused by pupils playing adjacent to their home. The Commission reduced the number of allowed pupils, moved the play yard away from the Piankas' home and required a buffer of white pines to screen the noise from the Piankas. The conditions required the planting of ten (10) foot white pines spaced every ten feet within a thirty foot wide buffer running 120 feet along the Piankas' boundary.
The Commission did, as empowered by its regulations, impose conditions and safeguards necessitated by the special use. The regulations require that the conditions be appropriate, however, and designed to protect the adjacent landowners from the full impact of the permitted use.
The buffer presently installed by the Church, of twelve trees, will not be effective for five to ten years and was then thought to be sufficient because the Piankas had themselves erected a stockade fence at their southern border. A section of that fence which the Church found to be on Church land was later CT Page 8489 removed at its request and an opening presently exists allowing sound to pass directly into Piankas' back yard.
If the conditions of special use were to be reasonable, those conditions should not leave remaining the cause of the imposition of those conditions. Brustein v. Zoning Commission, 151 Conn. 101.
The Church agreed before this court to augment the number of white pines by double the number (24) and to erect a section of stockade fence in the open area to create a continuous barrier between the properties. Since the court must defer to the actions of the Planning Zoning Commission if reasonable, and such a buffer, as agreed to by the Church would reasonably protect the Piankas' property rights, this court is required to sustain the Commission's actions. The Commission has considerable discretion in fashioning such conditions. Michel v. Planning Zoning Commission, 28 Conn. App. 314, 322.
Accordingly, the appeal is dismissed.[2]
McDONALD, J.