FRANK FARINA ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF TRUMBULL ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 5, 1968—decided January 9, 1969

*Vincent M. Zanella, Jr.,* for the appellants (plaintiffs).

*Aaron A. Levine,* for the appellee (named defendant); with him, on the brief, was *Vincent P. Adley,* for the appellee (defendant Trumbull Housing Authority).

THIM, J. The housing authority for the town of Trumbull applied to the defendant zoning board of appeals for a special exception to erect a fifty-unit housing complex for elderly persons and a community recreation hall pursuant to article 2, § 1 (B) (6), of the Trumbull zoning regulations (1959, as amended). The selected parcel of land is 8.4 acres in area and is in a residence A zone on Machalowski Road in Trumbull. Machalowski Road is a dead-end street with about eight houses on it and would be the sole means of ingress and egress for the proposed housing complex.

The board of appeals granted the special exception, and the plaintiffs, who own property and reside near the selected site, appealed to the Court of Common Pleas. From the judgment dismissing the appeal, the plaintiffs have taken the present appeal.

The plaintiffs claim that the board of appeals acted arbitrarily and illegally in granting the special exception because one of the conditions imposed by the board was contrary to a requirement specified in the zoning regulations relating to housing projects for the elderly. We agree with this claim for reasons hereinafter stated.

As a prerequisite to granting a special exception, article 2, § 1 (B), of the Trumbull zoning regulations requires the board of appeals to find "that the existing public streets are suitable and adequate to handle any additional traffic generated by the proposed use." In the instant case, the board of appeals found that the existing public streets had sufficient

established right of way to be suitable and adequate to handle any additional traffic generated by the proposed use. The board noted, however, that some improvements to the right of way might be required but that they could and would be made. The board granted the special exception subject to the condition that Machalowski Road shall be widened at the direction of the town traffic commission so as to be suitable and adequate to handle the traffic generated by the housing project.

In granting the special exception, the board of appeals was acting in an administrative capacity, and its function was to determine whether the applicant's proposal satisfied the conditions set forth in the zoning regulations relating to housing for the elderly. See *RK Development Corporation* v. *Norwalk,* 156 Conn. 369, 375, 242 A.2d 781; *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 190, 239 A.2d 534; *Jeffery* v. *Planning & Zoning Board of Appeals,* 155 Conn. 451, 461, 232 A.2d 497; *Abramson* v. *Zoning Board of Appeals,* 143 Conn. 211, 213, 120 A.2d 827. The conditions permitting the special exception must be found in the zoning regulations themselves. *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 636, 109 A.2d 256. The board of appeals could grant the special exception subject to certain conditions if the board had the authority to impose such conditions; *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* 155 Conn. 350, 354, 232 A.2d 916; and none of the conditions imposed by the board altered any requirement prescribed in the zoning regulations. *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* supra, 353; *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 697, 202 A.2d 139;

*Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472; *Abramson* v. *Zoning Board of Appeals,* supra; *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 532, 102 A.2d 316.

It is apparent that the condition imposed by the board of appeals delegated to the town traffic commission the duty of determining the extent of the traffic increase owing to the proposed housing development and what corrective measures, if any, would be required in order to accommodate this increased traffic. This condition is clearly contrary to article 2, § 1 (B), of the zoning regulations, which requires the board of appeals to determine whether the existing public streets are suitable and adequate to handle any additional traffic generated by the proposed housing development and what improvements, if any, would be necessary to provide for such increased traffic. As used in the regulations, the phrase "existing public streets" has the connotation of an area which can be used by the public for the purposes of travel by ordinary means. The phrase does not connote the total width of a public right of way regardless of its suitability for accommodating vehicular traffic. We interpret the phrase "existing public streets" to refer to the portion of a road which can be used by the public for vehicular traffic.

The board of appeals does not have the power to change one of the requirements of the zoning regulations by imposing a condition which is clearly contrary to a requirement of the regulations. The traffic commission can assist the board of appeals in its effort to determine how much additional traffic is expected to result from the housing project and what road improvements would be necessary to provide for the increased traffic. The board of appeals

cannot, however, delegate the duty of making this determination to the town traffic commission. See *Hawkes* v. *Town Plan & Zoning Commission,* 156 Conn. 207, 212, 240 A.2d 914. In order to secure the special exception, the housing authority must show the board of appeals how much additional traffic is expected as a result of the housing project and what road improvements, if any, would be necessary to handle this increased traffic.

The condition imposed by the board of appeals is invalid. This condition is an integral part of the board's determination, and it cannot be separated from the grant of the special exception since it indicates that the board did not make a finding that the existing public streets were suitable and adequate to handle any additional traffic generated by the proposed use. *Parish of St. Andrew's Church* v. *Zoning Board of Appeals,* supra, 355. The improvement of public streets involves the expenditure of public funds and the approval of municipal agencies over which the board of appeals has no control. The board should not have granted the special exception until it determined what improvements to Machalowski Road would be required and it obtained the assurance of the city that such improvements would be made. *Brustein* v. *Zoning Commission,* 151 Conn. 101, 105, 193 A.2d 523.

Since we are sustaining the plaintiffs' appeal, we will discuss only one other claim which is likely to arise in further proceedings. As we interpret article 2, § 1 (B), of the Trumbull zoning regulations, the pertinent portion of which has been set forth previously in this opinion, it is not necessary for the board of appeals to deny a special exception if it finds that the presently existing roads are not suitable and adequate to handle any increased traffic

expected to result from the proposed use. The board may grant a special exception if it finds that road improvements can and will be made in order to handle the increased traffic.

The only sensible and reasonable meaning of this regulation is that road improvements, which the board finds are necessary, must be completed by the time that the proposed buildings are ready for use or occupancy since it is at that time that the additional traffic will commence. It is not reasonable to require the completion of road improvements before the special exception is granted because the roads would likely have to be excavated for storm sewers, water pipes, gas lines and other related matters. If road improvements were required to be completed as a condition precedent to granting the special exception, they could very well have been made needlessly since the special exception could later be denied on a variety of other grounds. For these reasons, we interpret this regulation as requiring necessary road improvements to be completed when the buildings are ready for use or occupancy and not before the board of appeals grants the special exception. See *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 431, 226 A.2d 380.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion KING, C. J., ALCORN and RYAN, Js., concurred.

HOUSE, J. (dissenting). I do not agree with the conclusion that the board of appeals acted arbitrarily and illegally in granting the special exception. Article 2, § 1 (B), of the Trumbull zoning regulations, while specifying certain standards and condi-

tions for the granting of a special exception, expressly authorizes the board to impose "such further conditions in connection with the proposed use as it shall deem necessary to satisfy the conditions and standards set forth herein."

Furthermore, after a full hearing and examination of the area, the board expressly found that existing public streets had sufficient established right of way to be suitable and adequate to handle any additional traffic generated by the proposed use. Although the surface of Machalowski Road did need improvement, "the applicant and all of the facts indicated that the required improvement could readily be made and would be made."

I agree with the portion of the trial court's memorandum of decision which stated the problem and its conclusion as follows: "Plaintiffs thus claim that the phrase 'existing public streets' means the condition of Machalowski Road as to paved width at the time of the hearing. The defendant Board looks at the established right of way of that road. The phrase is not defined in the zoning regulations of the town, nor is it used in any other place in the regulations. It has not been judicially construed in Connecticut, or elsewhere. However the defendant Board is charged with the administration of the regulations. The Board made its interpretation in the course of its administration of the regulations, and with its background of expert knowledge of the regulations and their application to streets in town especially in connection with petitions for special exceptions, all of which would reasonably involve the phrase in question. The court cannot say that this interpretation is so unreasonable that in making it the defendant Board acted arbitrarily and illegally. It seems the only sensible and practi-

cal interpretation to make. And, of course, if the improvement is not made, as required, to Machalowski Road, the housing project cannot be used." A-487 Rec. & Briefs 125.

I see no justification for the substitution by this court of a narrow and restricted interpretation of the word "street" which confines its meaning as used in these regulations to only the paved portion of Machalowski Road. See *Moleske* v. *MacDonald*, 109 Conn. 336, 338, 339, 146 A. 820; 64 C.J.S., Municipal Corporations, § 1653. The meaning attributed to it by the board and approved by the trial court is a common and primary one, is reasonable and practical and is the only one consistent with the definition of "street line" as used in the very regulations which are being construed.[1] The regulations themselves define that term to mean "the dividing line between a street or highway right of way and a lot." Trumbull Zoning Regs., art. 1 § 3 (C) (1959, as amended).

As this court said in *Luery* v. *Zoning Board*, 150 Conn. 136, 146, 187 A.2d 247: "The courts should not and will not override the local boards unless there is a clear and definite breach of duty." The trial court has found none here, and I concur in that conclusion.

---

[1] Webster's Third New International Dictionary indicates that an obsolete meaning of the word "street" is "a paved road," while the primary meaning in current usage is "a public thoroughfare . . . [especially] in a city, town, or village including all area within the right of way (as sidewalks and tree belts)." A secondary meaning is "the strip of a public thoroughfare reserved for vehicular traffic."