[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bakerville Lumber and Construction Company has filed three appeals from the action of the defendant, New Hartford Planning and Zoning Commission restricting the hours of operation on permits for gravel removal and a requirement of periodic surveys. In the first case, the plaintiff is the owner of the land in question and in the other two a lessee. It is also the applicant in each appeal. As such, it is aggrieved and entitled to pursue this appeal. Primerica v. Planning and Zoning Commission,211 Conn. 85.
 I
The applications filed by the plaintiff on October 16, 1990 and May 23, 1991 requested permits to excavate on three acres and five acres. In each case, the applications stated in part:
 "Further I have read and understand the following: 6. General hours of Operation: Monday-Friday 7:00 A.M. — 6:00 P.M. Saturday 8:00 A.M. — 5:00 P.M. Otherwise as deemed necessary by the commission for public convenience and welfare."
The New Hartford Zoning Regulations pertaining to sand and gravel special permits provide in Article VI, CT Page 7477 Section 15(3)(h):
 h. No equipment, processing plant, or vehicles directly or indirectly engaged in the excavation, processing or transportation of earth materials shall be operated, repaired or serviced on the premises earlier than 7:00 A.M., nor later than 6:00 P.M., Monday through Friday, nor earlier than 8:00 A.M. nor later than 5:00 P.M. on Saturdays; all such operations on Sunday and legal holidays are prohibited except where such excavation is deemed by the Commission to be essential to the public convenience or welfare.
After public hearings, the Commission approved the plaintiff's application with the hours of operation as specified by Article VI, Section 15(3)(h) of the Regulations. The Commission also required that the plaintiff verify the area of excavation by a survey submitted by a registered land surveyor on a semi-annual basis.
When deciding a special exception, a zoning commission is acting in its administrative capacity in determining if the applicant satisfied the conditions in the regulations permitting the exception. Farina v. Zoning Board of Appeals, 157 Conn. 420, 422 (1969). In this regard it is axiomatic that the court will not substitute its judgment for that of the zoning commission. Zieky v. Town Planning and Zoning Commission, 151 Conn. 265, 267 (1963). The court may not override the zoning commission unless there is a clear and definite breach of duty. Luery v. Zoning Board, 150 Conn. 13. Likewise, it must be noted that permit is valid only for two years under the regulation. The plaintiff applied for permits under the then existing regulations and acknowledged the hours of operation.
This case concerns reasonable regulation of a sand and gravel excavation. It is not about prohibiting a pre-existing nonconforming use. The plaintiff voluntarily filed an application for a special permit to excavate sand and gravel as provided for in Article VI, Section 15 of the zoning regulations. The plaintiff's application certified that it understood the hours of operation specified in the regulation. The application was granted. The plaintiff has appealed because it claims that it should not to be required to comply with Article VI, Section 15(3)(h) of the zoning regulations which prohibits sand and gravel operations on Sundays and legal holidays.
Connecticut General Statutes Section 8-2 affords CT Page 7478 protection in nonconforming uses. It states, in part:
 Zoning regulations shall not prohibit the continuance of any nonconforming use, building or structure existing at the time of the adoption of such regulations. (Emphasis added.)
Article VI, Section 15 of the New Hartford Zoning Regulations does not prohibit the continuance of any preexisting nonconforming uses, but imposes reasonable regulation of such uses.
Connecticut General Statutes Section 7-148 (c)(8)(C) permits zoning commissions to exercise the municipal police power to ". . .regulate the filing of, or removal of, loam, sand or gravel from land not in public use in the whole, or in specified district of, the municipality, and provide for the reestablishment of ground cover and protection of the area by suitable cover." (Emphasis added). Article VI, Section 15 of the zoning regulations specifically states that it is based upon the authority of Conn. Gen. Stat. Sec. 7-148
and that its purpose is regulation not prohibition. Ordinances and zoning regulations designed to regulate sand and gravel operations have been upheld as valid exercises of the police power. See, e.g., Calve Bros. Co. v. Norwalk,143 Conn. 69 (1956); Tevcher v. Zoning Board of Appeals,154 Conn. 650 (1967).
Section 15(3)(h) is reasonable and does not prohibit the plaintiff from continuing its use of the property as a sand and gravel bank, and therefore must be upheld. Prior nonconforming uses are not absolutely protected from subsequent zoning regulations, and a nonconforming use may be subject to reasonable regulation and restriction by the municipality. 101A C.J.S., Zoning and Land Planning, Sec. 157; Massimo v. Planning Commission, 41 Conn. Sup. 196, 203
(1989). On the claim regarding hours of operation the appeal is dismissed.
 II
The approvals also require the plaintiff to provide the defendant with semi-annual surveys of the business parcels (ORR, exhibit #21, item #3). The plaintiff's appeal challenges the enforcement of that condition of the approvals. Paragraph 9 of the second count of the complaint in docket #055461 alleges:
 9. The defendant acted illegally, arbitrarily, and in abuse of its discretion by imposing the CT Page 7479 Semi-annual Survey Condition on the plaintiff because of one or more of the following reasons:
 a. The zoning regulations of the Town of New Hartford do not empower the defendant to require semi-annual surveys from sand and gravel excavators. Only Section 15 of the zoning regulations of the Town of New Hartford requires that maps and plans be submitted with an application for a permit to excavate sand and gravel, and it does not provide the defendant with the power to require sand and gravel operators to submit a semi-annual survey of the area being excavated.
 b. The requirement of the Semi-annual Survey Condition in the Approval does not further the stated purpose of Section 15 of the zoning regulations of the Town of New Hartford.
 c. The defendant, in contravention of the applicable Connecticut General Statutes, did not state the reasons for its decision creating the Semi-annual Survey Condition in the approval.
By its answer filed July 12, 1991, the commission has admitted this paragraph an action which constitutes a judicial admission. Dreier v. Upjohn Co., 196 Conn. 242, 248. The defendant has denied this allegation in docket #057632 and has not answered the complaint in docket #057631. However, since the claim is made in each case, the admission in one docket covers all three cases. Planning and zoning commissions are powerless to grant special permits without promulgating regulations to guide the commission when it acts on an application for a special permit. Powers v. Common Council of Danbury, 154 Conn. 156, 160 (1966). Review of the provisions of Article VI, Section 15 of the New Hartford Zoning Regulations reveals that these regulations do not require any surveys subsequent to the filing of an application for a special permit to conduct sand and gravel excavation. Therefore, absent a regulation requiring semi-annual surveys, the commission is powerless to impose them. Id. at 160-61.
Section 15, e of the regulations provides that the permittee shall grant "written permission for inspection of the site at reasonable time by a duly authorized zoning officer." Subsection 1 also provides:
1. When excavation and removal operations or either CT Page 7480 of them are completed, the excavation areas shall be graded so that no gradient is steeper than a slope of 3:1 (horizontal-vertical). The permittee shall then submit a plan for the restoration of the excavated area including:
 1.) A layer of topsoil no less than four (4) inches deep;
 2.) Seeding with perennial ryegrass or other approved material;
3.) Removal or burial of all debris; and
4.) Location of trees and other plantings.
 The suitability of said restoration plan will be determined by the Commission which may seek the advisory opinion of the Litchfield County Soil Conservation Commission, or other appropriate source.
There is nothing in the regulations to require a survey to insure that proper steps are taken after operations are completed. "Zoning regulations, being in derogation of common law property rights, should not be extended by construction beyond the fair import of their language and cannot be construed to include by implication that which is not clearly within their express terms." J M Realty Co. v. Board of Zoning Appeals, 161 Conn. 229, 233; Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480, 490. Insofar as the defendant requires semi-annual surveys the appeal is sustained.
For the reasons stated the appeal is dismissed in part and sustained in part.
PICKETT, J.