[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Bakerville Lumber and Construction Co., Inc. has appealed from the denial by the defendant Planning and Zoning Commission of the Town of New Hartford on May 12, 1993 of the plaintiff's application to extend an existing renewable special permit for sand and gravel earth excavation which was originally granted CT Page 10593 in January, 1991.
Subsequent to the approval of the special permit in January, 1991, the plaintiff filed an appeal to the superior court which was assigned docket number CV 91-0055461. That 1991 appeal contained two counts. The first count claimed that the plaintiff's hours of operation enjoyed a pre-existing non-conformity from the hourly restrictions set forth in the zoning regulations of the Town of New Hartford effective as of 1974 and amended in 1979. The second count claimed that the defendant Commission imposed illegal conditions on the granting of the special permit.
Though not presently before this court, the plaintiff obtained approval of similar special permits on two abutting parcels in September, 1991, the "Second Permit" and "Third Permit" respectively. Similar appeals were taken from the granting of the Second Permit and the Third Permit and were assigned docket numbers CV 91-0057631 and CV 91-0057632. All three appeals were consolidated.
While all three zoning appeals were pending the defendant Commission promulgated new earth excavation regulations in November 1991. Since the three appeals claimed that the plaintiff enjoyed a pre-existing nonconformity from the hourly restrictions in the old regulations, and since the new regulations constituted a change of the old regulations, the plaintiff filed a declaratory judgment action, docket number CV92-0059210. The declaratory judgment action petitioned the court to declare whether the entire future earth excavation activities of the plaintiff are governed by the old regulations or the new regulations. As part of the declaratory judgment action, the parties to the instant case entered into a stipulation of facts. The stipulation of facts is briefly summarized as follows:
 1. The plaintiff has engaged in sand and gravel excavation activities on the parcel involved in the instant appeal since the late 1960's.
2. Since 1975 the plaintiff has obtained CT Page 10594 and/or renewed several special permits from the Planning and Zoning Commission for earth excavation under the provisions of Article VI, Section 15 of the old regulations.
 3. In January, 1991, the plaintiff obtained the first permit from the defendant for earth excavation on the property which is the subject of this appeal.
 4. The plaintiff appealed the granting of the January, 1991, Special Permit. The first count contained a claim by the plaintiff that enjoyed a pre-existing nonconformity with regard to the restriction on the hours of operation set forth in Article VI, Section 15.3.h. of the old regulations. The second count contained a challenge to the enforcement of a condition of the special permit. The appeal was given docket number CV 91-0055461. Similar appeals were taken from the granting of the second permit and the third permit.
 5. In November, 1991, while the appeals were pending the defendant amended the provisions of Article VI, Section 15 of the New Hartford Planning and Zoning Regulations (the new regulations).
 6. By complaint dated March 12, 1992, the plaintiff instituted the declaratory judgment action seeking a determination by the court of whether the plaintiff's future activities are governed by the old regulations or the new regulations.
 7. By memorandum of decision dated August 6, 1992, the Honorable Judge Pickett rendered a decision in the three 1991 appeals. For the reasons set forth therein, the court held that the plaintiff did not enjoy a pre-existing nonconformity with regard to Article VI, Section 15.3.h. of the old regulations. The court sustained the second count of the appeal.[1]
CT Page 10595
 8. By application to the defendant Planning and Zoning Commission of the Town of New Hartford dated December 3, 1992, the Plaintiff filed an application to extend the January, 1991 Special Permit (the "Application"). In the Application the Plaintiff claims that the Application, and any further extensions of it, is governed by the new regulations and any subsequent amendments to the new regulations.
Oral arguments on the declaratory judgment action were held by the Honorable Judge Dranginis on January 15, 1993. Twelve days later the defendant Commission opened and closed its public hearing on the application which is the subject of this appeal.
At the public hearing on the Application to renew the first permit on January 27, 1993, the plaintiff maintained that the application was governed by the old regulations as a matter of law since the application was for the extension of an existing permit for sand and gravel excavation which had been approved under the old regulations. At the public hearing on the application members of the defendant Commission maintained that the application was governed by the new regulations.
At the public hearing on the application, the plaintiff and the defendant discussed the fact that the issue of which regulations govern the application would be decided by a court of law in the declaratory judgment action. The Commission delayed rendering a decision on the application until such time as the court rendered a decision on the declaratory judgment action. By letter dated March 4, 1993, the plaintiff consented to an extension of time for the rendering of a decision on the application.
By opinion dated May 3, 1992, the court issued an opinion on the declaratory judgment action. In the declaratory judgment opinion the court held that the declaratory judgment action was a improper procedure for resolution of the issue of which regulations apply to the application. CT Page 10596
 The proper procedure for the plaintiff is to continue with its pending application to renew the existing permit. The plaintiff then can present evidence before the defendant. If the plaintiff is aggrieved by the defendant's application of the existing regulations, the plaintiff will have a right to appeal and make its arguments concerning `pre-existing' nonconformity based upon a proper record.
Nine days after the rendering of the opinion in the declaratory judgment action, the defendant denied the application. Notice of the denial of the application was published in the Register Citizen on May 18, 1993. The plaintiff subsequently filed this appeal claiming that the defendant acted illegally, arbitrarily, and in abuse of its discretion in denying the application.
In November 1991, the defendant made minor changes in its sand and gravel regulations. One of these changes reads:
 Section 15(5)(h): When two or more separately owned, contiguous parcels are proposed to be operated under one permittee, such parcels shall be consolidated under one permit. Each property owner must be a party to the application and will be bound by the conditions of same, if granted.
The plaintiff refused to follow this new application procedure when it filed the application which is the subject of this appeal. The defendant, therefore, denied the plaintiff's application because:
 1. Application does not conform to Art. VI, Sec. 15, para 5 of the New Hartford Zoning Regulations.
 2. Applicant has other permits on separately owned contiguous parcels which have not been consolidated under this application. Unanimously passed.
When deciding a special exception, a zoning commission is acting in its administrative capacity in CT Page 10597 determining if the applicant satisfied the conditions in the regulations permitting the exception. Farina v. Zoning Board of Appeals, 157 Conn. 420, 422 (1969). In this regard it is axiomatic that the court will not substitute its judgment for that of the zoning commission. Zieky v. Town Planning and Zoning Commission, 151 Conn. 265, 267 (1963). The court should not override the zoning commission unless there is a clear and definite breach of duty. Luery v. Zoning Board, 150 Conn. 136.
The sole issue in this case is whether the plaintiff must follow the application procedure set out in Section 15(5)(h) of the sand and gravel regulation. As with the regulations upheld in the previous appeals, the validity of Section 15(5)(h) depends on whether it is reasonable.
As it was in the previous appeals, the regulation in question does not prohibit anything. It does not prohibit a pre-existing non-conformity as alleged by the plaintiff. In the previous appeals the regulations challenged by the plaintiff did restrict the plaintiff's hours and days of operation. The regulation which is challenged in this case does not restrict anything. It is not even a substantive regulation; it is procedural only.
The plaintiff invokes Conn. Gen. Stat. 8-2h(a) which provides:
 An application filed with a zoning commission, planning and zoning commission, zoning board of appeals or agency exercising zoning authority of a town, city or borough which is in conformance with the applicable zoning regulations as of the time of filing, shall not be required to comply with, nor shall it be disapproved for the reason that it does not comply with, any change in the zoning regulation or the boundaries of zoning districts of such town, city or borough taking effect after the filing of such application.
But, this statute does not apply to this case. Section 15(5)(h) of the defendant's regulations was CT Page 10598 adopted in November 1991. The plaintiff's application which is the subject of this appeal was not filed until December, 1992. The plaintiff is not being required to comply with a change in the zoning regulations taking effect after the filing of the application.
However, the plaintiff's attempts avoid the obvious conclusion that Conn. Gen. Stat. Section 82-(h)(a) does not apply by claiming that its application was not filed in December, 1992 as the record reflects, but prior to January, 1991 when the first permit was obtained on the pit which is the subject of this appeal. The permit granted in January, 1991 expired two years from the date of issuance; the plaintiff's present application should be treated differently from an original application. Therefore, there is no reason why a renewal application should not be required to meet the procedural regulations in effect at the time of the renewal. Section 15(5)(h) is a reasonable exercise of the zoning power. It merely requires that all permits on adjoining parcels be combined in one application. This makes sense for administrative efficiency but also because it will permit the commission to look at all the pits at the same time so that regulation of each will be coordinated and consistent. Having all of the applicant's pits before the commission at the same time will make it easier for the commission to regulate the operation effectively. Section 15(5)(h) of the regulations has a reasonable relation to public health, safety and welfare and should be upheld.
The court finds that the defendant did not abuse its discretion in denying the plaintiff's application for failure to comply with the procedural requirement that all of the plaintiff's gravel permits be submitted so that they can be consolidated under one permit. For the reasons stated the appeal is denied.
PICKETT, J.