[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Susan Jahnke and Uwe Jahnke appeal the decision of the defendant Washington Zoning Commission ("commission") denying their application for a special permit. The plaintiffs are the owners of a residence located at 52 River Road in Washington, Connecticut.
The following facts are reflected in the record. On January 20, 1998, the plaintiffs filed a special permit application for a detached accessory apartment. On February 23, 1998 and on March 23, 1998 the commission held a public hearing on the plaintiffs' application. On March 23, 1998 the commission held a regular meeting and denied the plaintiffs' application for a special permit based on Section 13.12.1 of the town's zoning regulations. (Return of Record (ROR), Item 19, p. 2). The plaintiff initiated this appeal pursuant to General Statutes § 8-8(b).
On June 29, 1998, the defendant transmitted the record to CT Page 14183 court, and thereafter filed a supplemental return of record on September 19, 1998. The parties filed briefs and the court heard the matter on November 30, 1998.
Under General Statutes § 8-8, only an aggrieved party may appeal from the commission's decision. Based on the record and the unopposed exhibit produced at the hearing, the court finds that the plaintiffs are the owners of the subject property. Accordingly, the court finds the plaintiffs are aggrieved.Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308 (1991).
The plaintiffs raise a single issue in this appeal. They claim that the commission erroneously concluded that the plaintiffs did not satisfy the requirement set forth in § 13.12.1 of the zoning regulations that the owner must reside on the property throughout the duration of the permit.
In reviewing the action of the commission, this court may not substitute its judgment for the commission's. This court may grant relief on this appeal only where the commission has acted illegally, arbitrarily or in abuse of its discretion. Double ILimited Partnership v. Plan Zoning Commission, 218 Conn. 65, 72
(1991). The burden to prove that the commission acted improperly is on the plaintiff.
Further,
 Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached.
(Internal citations omitted.) Property Group, Inc. v. Planningand Zoning Commission, 226 Conn. 684, 697 (1993).
The plaintiffs argue that the commission erroneously interpreted Section 13.12.1 to require their occupancy of the property throughout the duration of the permit. The regulation reads,
CT Page 14184
The owner of the property subject to the permit shall reside on the property throughout the duration of the permit.
It has been recently reaffirmed that the process of special permits is discretionary.
 When ruling upon an application for a special permit, a planning and zoning board acts in an administrative capacity. A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182. 184-85, 355 A.2d 91 (1974); Farina v. Zoning Board of Appeals, 157 Conn. 420, 422, 254 A.2d 492 (1969). Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116, 117; Stern v. Board of Zoning Appeals, 140 Conn. 241, 244, 99 A.2d 130 [1953]. In applying the law to the facts of a particular case., the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442, 190 A.2d 594
[1963]. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152 (1988).
(Internal citations omitted; internal quotation marks omitted.)Irwin v. Planning Zoning Commission of the Town of Litchfield,244 Conn. 619, 627-28 (1998).
The record shows that the plaintiffs do not live on the property for approximately ten months of the year. It also reflects that neighbors have complained about their inability to get in touch with the owners when problems arise. The minutes of the March 23, 1998 commission meeting show that the commission saw the intent of the regulation requiring residency of the owner to have the property directly supervised by the owner. The members also stated that residing on the property two or three months a year did not meet that intent nor was it in the CT Page 14185 interests of community welfare. (ROR, Minutes of March 23, 1998 Meeting, pp. 10-11.)
Based upon the record and the applicable law, the court cannot find that the commission acted arbitrarily or illegally. The commission did not construe the applicable zoning regulation beyond the fair import of its language. Irwin v. ZoningCommission, supra, 244 Conn. 628-29.
For the foregoing reasons, the appeal is dismissed and the commission's decision is affirmed.
DIPENTIMA, J.