[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, John and Barbara Eismeier, Jeffrey and Kara Heller, Joyce Isaac, and Reginald and Ann Lewis ("the plaintiffs") appeal from a decision by the defendant, the Planning Zoning Commission of the Town of Guilford ("the Commission"), granting an application for special permit by the defendant, Yogesh Patel ("Patel", or "the applicant"), to allow operation of a motel on property known as 260 and 300 Boston Post Road in the Town of Guilford. The property is located partly in a C-3 zone and partly in an R-3 zone, as delineated in the Guilford Zoning Regulations, Chapter 273 of the Code of the Town of Guilford ("Regulations"). The property is owned by the defendant Community Bank. The proposed construction will be on the "C-3" portion of the property.
Patel filed his application on or about November 13, 1998. The Commission held a public hearing on the application on January 6, 1999. The hearing continued on January 20, 1999 and was reopened on February 17, limited to testimony regarding a model of the proposed motel which was submitted by the applicant at the request of the Commission. Following the close of the hearing the Commission voted to approve the application, subject to certain conditions. This appeal followed.
A hearing on the plaintiffs' motion for judgment was held on August 6, 1999, at which time the plaintiffs Heller were found aggrieved for purposes of standing to take this appeal, being owners of property abutting, or within one hundred feet of, the subject property. A hearing on the merits was held on December 20, 1999.
 II CT Page 4197
The plaintiffs claim that in granting the special permit the Commission acted illegally, arbitrarily and in abuse of discretion in that:
 — it did not comply with the general standards of the Code, including, but not limited to, Section 273-79;
 — it failed to make those certain findings set forth in Section 273-80;
 — it considered evidence offered by Patel and or his agents after the close of the public hearing;
 — it failed to require Patel to provide additional information and or documentation to address issues raised at the public hearing, including, but not limited to, the ability of the site to sustain a sewage disposal system for 46 units;
 — it did not conform to the requirements of Section 273-80., including, but not limited to the ability of the site to sustain sanitary facilities without detriment to the neighborhood or existing lots;
 — it failed to require Patel to provide any evidence to address the issues raised by the Town Engineer in his memorandum of January 6, 1999 regarding the quality of the perc tests performed after a dry summer and further relied on the insufficient evidence provided in making its decision;
 — it failed to require Patel to provide additional information and or documentation to address issues raised at the public hearing, including, but not limited to storm management system;
 — it delegated its duty to make those findings stated in Section 273-80 to other departments of the Town of Guilford, and the State, not permitted under State Statutes;
— it failed to consider the Comprehensive Town Plan.
The plaintiffs claim, in addition, that they were denied due process in that the Commission accepted evidence after close of the public hearing, thus denying the plaintiffs the ability to CT Page 4198 comment; the Commission conditioned its approval on Patel's obtaining a sewage disposal permit from the State Department of Health, thus denying the plaintiffs an opportunity to comment on an issue on which the Commission was required to make a specific finding pursuant to Section 273-80; it conditioned the approval on submittal of architectural elevations after close of the public hearing, denying the plaintiffs the ability to comment on an issue on which the Commission was required to make a specific finding, pursuant to Section 273-80; it reopened a hearing after it was closed, in violation of statute; after reopening it refused to let the plaintiffs address issues other than the Model.
 III
Judicial review of the Commission's decision is limited to a determination of whether the decision was arbitrary, illegal or an abuse of discretion, Whitaker v. Zoning Board of Appeals,179 Conn. 650, 654. The Commission is vested with a large measure of discretion, and the burden of showing the agency has acted improperly rests upon the one who asserts it, Mario v. Fairfield,217 Conn. 164, 169. Courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution, Burnham v. Planning Zoning Commission,189 Conn. 261, 266 (citation omitted). There is a strong presumption of regularity in the proceedings of an agency such as the Commission, Frito-Lay, Inc. v. Planning Zoning Commission,206 Conn. 554, 573-74 (citation, quotation marks omitted). Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. Such caution is particularly appropriate when reviewing the decision of a local land use commission composed of laypersons whose procedural savoir-faire may not rise to the sophisticated level needed to achieve strict compliance with the statutory directions under which they operate. DeBeradinis v. Zoning Commission,228 Conn. 187, 198-99, n. 7 (citation, quotation marks omitted).
When considering an application for a special permit, a zoning authority acts in an administrative capacity and its function is to determine whether the proposed use is permitted under the regulations and whether the standards set forth in the regulations and statutes are satisfied. It has no discretion to CT Page 4199 deny a special permit if the regulations and statutes are satisfied, Daughters of St. Paul, Inc. v. Zoning Board ofAppeals, 17 Conn. App. 53, 56 (citation omitted). It does have the discretion, however, to determine whether the proposal meets the standards set forth in the regulations, Irwin v. Planning Zoning Commission, 244 Conn. 615, 628. Commission members may rely on their personal knowledge of the property concerned and other properties in the area, prior applications, and conditions in the community, in reaching a decision on an application, Fuller, Land Use Law and Practice Conn. Prac., Vol. 9), Section 21.5; Holt-Lock, Inc. v. Zoning Planning Commission,161 Conn. 182, 191.
Failure of an agency to make findings, even those required by statute or regulation, does not render its decision null and void; rather, the reviewing court must search the record of the hearing before that commission to determine if there is an adequate basis for its decision, Samperi v. Inland WetlandsAgency, 226 Conn. 579, 588-89, quoting from Gagnon v. InlandWetlands Watercourses Commission, 213 Conn. 604, 611. The reviewing court must sustain the agency's decision if there is substantial evidence in the record to support that decision,Samperi v. Inland Wetlands Agency, supra, at 587-88. Where the Commission does state its reasons for a decision the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the zoning regulations, Irwin v. Planning ZoningCommission, supra, at 629 (citation, quotation marks omitted).
When, as here, the Commission acts in an administrative capacity, the evidence to support any such reason must be substantial, Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 540. The "substantial evidence" standard requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury, Kaufman v. ZoningCommission, 232 Conn. 122, 151. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Samperi v. Inland Wetlands Agency, supra, at 588 (citations, internal quotation marks omitted).
 IV CT Page 4200
In their brief and at closing argument, the plaintiffs focused on three claims:
The Commission failed to consider the standards and failed to make the necessary findings pursuant to Regulations, Section 273-80D, specifically that the Commission failed to find that the subject lot was of sufficient size and dimensions to support sanitary facilities for the proposed use.
The evidence before the Commission did not support a finding that the subject application complied with the requirements of Regulations, Section 273-80D with regard to the sufficiency of the lot to support the sanitary facilities.
The Commission impermissibly delegated its non-delegable duty to make a finding, pursuant to Regulations, Section 273-80D that the subject lot was of sufficient size and dimensions to support sanitary facilities for the proposed use.
Other claims are deemed abandoned.
 V
For reasons discussed below, the Court concludes the plaintiffs have failed to meet their burden on the remaining claims.
Under the Guilford scheme of zoning, the Commission has the authority to act on applications for special permit. Regulations, Section 273-80D sets out the standards the Commission must apply to an application for special permit. These include Sec. 273-80D:
 "The lot on which the use is to be established is of sufficient size and dimension to permit conduct of the use and construction and maintenance of buildings, structures and facilities, including sanitary facilities, in a manner that will not be detrimental to the neighborhood or adjacent lots."
In its "Approval Letter" to Patel, dated February 17, 1999 (Return of Record £ 54) The Commission stated, inter alia: "This application is approved, based on a finding that it conforms with the Zoning Code of the Town and more specifically Sec. 273-80;" it goes on to expand on each relevant standard, as applied to the subject application, including Sec. 273-80D, as follows:
"D. "The 10,850 square foot building foot-print will sit on a CT Page 4201 5.79 acre U-shaped lot. Considering the immediate commercially zoned area on which the building will sit, the coverage will be about half of what is allowed by the zoning regulations. Storm water discharge will be directed into a street drain. This will result in less water going into the wetlands than now. The wetlands will be periodically monitored to ensure their continued health. There should be no impact on area septic systems or wells.."
The Commission's approval was with conditions, including:
 "5. That prior to approval of a Site Plan in accordance with Article X and Section 273-97;
 a. The sewage disposal permit from the State Department of Health be obtained. . . ."
The plaintiffs read the Commission's comments applying the standard of Sec. 273-80D to the application as failing to make the required finding regarding the sufficiency of the lot for the needed sanitary facilities; the plaintiffs combine that claimed failure with condition 5.a, supra, to postulate that the Commission impermissibly (and intentionally) delegated the responsibility to make such a finding to the state agency which must approve the sewage disposal system for the subject project. Further, the plaintiffs assert there is not substantial evidence in the record to support such a finding by the Commission. The Court concludes that the plaintiffs have mixed apples and oranges. The Commission is required to find that "the lot" . . . "is of sufficient size and dimensions to permit the use and construction of . . ." "facilities, including sanitary facilities in a manner that will not be detrimental to the neighborhood or adjacent lots." The state agency, The Department of Health, reviews plans for a sewage disposal system and decides whether or not to issue a permit for such system. The Court finds that the Commission made the requisite finding when it found that the subject application "conforms with the Zoning Code of the Town and more specifically Sec. 273-80." No more is required. Given this general finding, the specific findings made in paragraph D, supra, notably "There should be no impact on area septic systems or wells", may be construed to include the impact of the proposed "sanitary facilities." Assuming, arguendo, that the Commission made no finding with regard to the sufficiency of the lot to support needed sanitary facilities, the Court must search the record to determine if there was substantial evidence to support CT Page 4202 such a finding.
The Court finds there is substantial evidence in the record to support the Commission's finding that the application conforms with the Zoning Code of the Town and more specifically Sec. 273-80, including Sec. 273-80D and including the sufficiency of the lot to support the needed sanitary facilities. Such evidence includes the presentation of the applicant's agent, Waldo (Return of Record 69, Transcript of January 6, 1999 public hearing) and the testimony of James Portley, the Town Engineer (Return of Record 69, Transcript, of January 20, 1999 public hearing, pp. 3 ff.). Portley testified as an expert and a fair reading of his comments is that Portley concluded that the lot was of sufficient size and dimensions to support the needed sanitary facilities in a manner not detrimental to the neighborhood and adjacent lots. As he repeatedly and correctly stated, the applicant had to obtain a sewage disposal permit from the State Department of Health, and Portley recommended that site plan approval be conditioned on the applicant's obtaining such sewage disposal permit. The Commission was entitled to rely on Portley's testimony in reaching its decision.
Portley understood that the Department of health would require additional percolation tests in the coming spring. Portley recommended condition 5.a as insurance should new information require the commission to revisit its finding. (Id., pp. 6, 7).
Condition 5.a, "The sewage disposal permit from the State Department of Health be obtained," does not constitute an impermissible delegation by the Commission of its responsibility to make the finding under Sec. 273-80D regarding sanitary facilities. The Commission is permitted to condition its approval on future action by another agency, Blaker v. Planning ZoningCommission, 212 Connecticut, 471, 482 and the Commission is permitted "to make the first move", Id. The plaintiffs' reliance on Farina v. Zoning Board of Appeals, 157 Conn. 420, is unavailing. In Farina, the Board was required by its regulations to find that the existing public streets are suitable and adequate to handle any additional traffic generated by the proposed use." Our Supreme Court found that the Board had impermissibly delegated to the town traffic commission the duty of determining the extent of the traffic increase and what corrective measures, if any, would be required. Id., at 423. Such is not the case here. Condition 5.a is not a condition which is "clearly contrary to a requirement of the regulations," Id. CT Page 4203 Indeed, it is questionable whether condition 5.a is an integral part of the Commission's approval of the special permit, in that it is one of several conditions imposed for approval of a site plan at some time in the future.
 VI
The Court finds that the plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant Commission, in approving, with conditions, the subject application for special permit, acted illegally, arbitrarily or in abuse of discretion.
Accordingly, this appeal is dismissed, and judgment may enter in favor of the defendants, Yogesh Patel, Community Bank and the Planning Zoning Commission of the Town of Guilford.
By the Court
Downey, J.