[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff. DeCaro, Inc., appeals the decisions of the defendants, the zoning board of appeals of the town of Westport (ZBA) and the director of planning and zoning of the town of Westport, Katherine Barnard (Barnard). Barnard had denied DeCaro, Inc.'s application for a zoning permit which would have allowed its patio bar to operate as a patron bar instead of a service bar,[1] and the ZBA denied DeCaro, Inc.'s appeal from that decision. DeCaro, Inc. appeals pursuant to General Statutes § 8-8.
The plaintiff is the sublessee, and owner/operator of a restaurant and patio bar known as Splash Pacific Rim Grill Restaurant. The business is located at the Inn at Longshore, on real property known as Longshore Park in the town of Westport (the subject property). On May 13, 1999, DeCaro, Inc. requested approval of a zoning permit allowing a patron bar on its outdoor patio, which was denied by Barnard.
DeCaro, Inc. appealed Barnard's decision to the ZBA on May 21, 1999 pursuant to General Statutes §§ 8-6[2] 8-7,[3] and section 46-3.1 of the zoning regulations of the town of Westport.[4] The ZBA considered the appeal at a public hearing and thereafter Barnard's decision was upheld. DeCaro, Inc. appealed the decision of the ZBA and Barnard to this court pursuant to General Statutes § 8-8
(b),[5] and the court conducted a hearing on the appeal on March 3, 2000.
"Appeals to the superior court from administrative agency decisions exist only under statutory authority." Simko v. ZoningBoard of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Id. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Id. DeCaro, Inc. has satisfied all statutory prerequisites to this court exercising jurisdiction over the present matter.
This court found aggrievement during the hearing regarding this appeal on March 3, 2000, but will elaborate on that finding. At the CT Page 5493 start of the hearing, both parties stipulated that DeCaro, Inc. has a sublease on the subject property. "The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) RR Pool Home, Inc. v. Zoning Board of Appeals,43 Conn. App. 563, 570-71, 684 A.2d 1207 (1996). In addition, "[o]ur Supreme Court has recognized that certain lessees of property may apply for a permit or variance. See Richards v. Planning ZoningCommission, 170 Conn. 318, 322, 365 A.2d 1130 (1976). Moreover, the court has determined that prospective business operators may be aggrieved. See DiBonaventura v. Zoning Board of Appeals, supra,24 Conn. App. 377." RR Pool Home, Inc. v. Zoning Board of Appeals, supra, 569. This court finds that the denial of the zoning permit has specially and injuriously harmed DeCaro, Inc.'s interest in the sublease. Therefore, the plaintiff has proven adequately classical aggrievement, and the court turns to the merits of the appeal which it decides on the return of record without additional evidence.
"As a threshold matter, [the court notes] that [l]ocal zoning boards are vested with a liberal discretion. . . . A trial court must, however, review the decision of a zoning board of appeals to determine if the board acted arbitrarily, illegally or unreasonably. . . . Additionally, [the court's] review of conclusions of law is plenary and [the court] must decide whether the conclusions are legally and logically correct and supported by the facts in the record." (Citation omitted; internal quotation marks omitted.) FleetNational Bank v. Zoning Board of Appeals, 54 Conn. App. 135, 139,734 A.2d 592, cert. denied, 250 Conn. 930, 738 A.2d 656 (1999); see also Swaim v. Zoning Commission, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 151026 (May 5, 1998, D'Andrea, J.).
In order to understand the issues before the court, it is necessary to examine the history of the patio bar and restaurant that are the subject of this appeal. The town of Westport owns the subject property, formerly known as the Longshore Country Club, where the patio bar is located. In 1978, Longshore Associates, Inc. was a lessee of the town of Westport and operated the "Clubhouse" of the subject property as a restaurant, ballroom and banquet facility. In October 1978, Longshore Associates, Inc. sought a special permit in order to make certain renovations to the facility, including the CT Page 5494 erection of the patio that is the subject of the present litigation. On December 21, 1978, the Westport planning and zoning commission (PZ) adopted a resolution granting Longshore Associates, Inc. permission to receive a special zoning permit within one year. A zoning permit was issued on May 11, 1979 permitting "renovation for use as restaurant, bar, banquet facilities; rooming units; patio additions ramp." From 1980 to 1984, Victor DeMaria was the sole proprietor of the restaurant and bar and in a signed affidavit testified that the patio bar operated as a patron bar throughout his ownership of the business. This assertion is also supported by the affidavit of Peter V. Gelderman, former town attorney of Westport. In addition, a site map dated May 30, 1980 indicates the existence of a "wet bar" on the patio.
In 1984, Rory Tagert became the owner and operator of the restaurant and patio bar. After his acquisition, Tagert sought a special permit in order to enclose the outside existing terrace of the restaurant, expand the building and modify the traffic pattern in front of the business. Initially, the PZ denied this application and Tagert appealed that decision to the Superior Court. The PZ and Tagert reached a settlement of their dispute prior to a full adjudication of the merits of the appeal.
In September 1985, the PZ adopted Resolution 85-63-1 granting Tagert permission to obtain the special permit subject to certain conditions including "the sit-down patron bar on the outside patio to the south of the Inn building shall be changed to a service bar only" and "a Zoning Permit shall be obtained within one year of this approval or said approval shall become null and void."[6] The Superior Court, Ryan, J., entered judgment on March 3, 1986 in accordance with the stipulation for judgment of the parties. This stipulation for judgment dated February 7, 1986 provided that "[t]he plaintiff shall be allowed to maintain twelve (12) tables and forty-eight (48) chairs on the existing patio to the south of the building. The plaintiff agrees not to enlarge the size of the existing patio. No food will be served on the patio and there will be no patron bar." The stipulation for judgment also noted that the provisions of Resolution 85-63-1 are made a part of the judgment. Tagert never exercised his right to obtain the special permit.
Despite Tagert's failure to acquire the zoning permit and to make the relevant changes to the restaurant/bar, Barnard insists that the property was subject to the provisions of the stipulated judgment limiting the patio bar to a service bar. From 1987 through 1998, the town of Westport annually provided Tagert or DeCaro, Inc. temporary (seasonal) zoning permits with the limitation that the patio bar CT Page 5495 operate only as a service bar. Neither Tagert nor DeCaro, Inc. ever appealed this limitation, but rather they or their representatives annually signed zoning permits that explicitly state that the patio bar is limited to a service bar use.
In October 1994, DeCaro, Inc. became the sublessee of the restaurant/bar at the subject property. Angelo DeCaro, the president and sole shareholder of DeCaro, Inc., indicated that he agreed to certain limitations on the use of the patio bar "in the spirit of cooperation with various officials of the Town of Westport," but insists that he never acknowledged that the patio bar was only available for a service bar use.
In 1995, DeCaro, Inc. sought to make improvements to the restaurant/bar, seeking to relocate the existing interior bar and convert two windows to french doors. The Westport administrative review committee of the planning and zoning commission approved Resolution #95-037 allowing DeCaro, Inc. to obtain a zoning permit to make the requested changes to the premises. As a condition of the approval, the resolution stated: "The bar on the ground level patio cannot be used by the public, it is for service use only and cannot exceed 12' in length. . . ." DeCaro, Inc. obtained a zoning permit for the requested improvements and fully exercised its rights under this zoning permit and did not appeal of any of the limitations placed on it. In addition, DeCaro, Inc. accepted annual zoning permits with the limitation of the patio bar as service bar from 1995 through 1998 without objection.
On May 13, 1999, DeCaro, Inc. requested approval of a zoning permit allowing a patron bar on its outdoor patio which Barnard denied. DeCaro, Inc. appealed Barnard's decision to the ZBA on May 21, 1999 which considered the appeal at a public hearing on August 24, 1999, and voted to uphold Barnard's decision. The ZBA ruled: "At a Hearing of the Westport Zoning Board of Appeals held September 14,1999, the following action was taken: 1. DENIED APPEAL/AFFIRMEDZONING OFFICIAL'S DECISION: Appli. #5684 by DeCaro, Inc. (d.b.a. Splash Restaurant) at Splash Restaurant/the Inn at Longshore/260Compo Road South, for appeal filed under Sec. 8-6 8-7 of the Connecticut State Statutes and under Sec. 46-3.1 of the Westport Zoning Regulations, for an Appeal from the denial of a zoning permit for existing patio bar use in a Res. AAA zone. (Assessors' Map #5305, Lot 250)."
The defendants argue that the stipulated judgment entered by Judge Ryan in 1986 remains in effect despite Tagert's failure to exercise his rights under it. DeCaro, Inc. contends that the CT Page 5496 limitation on the use of the patio bar within the stipulated judgment was conditional upon Tagert obtaining a zoning permit for the requested renovations within one year of the PZ's approval.
"A stipulated judgment is regarded as a contract between the parties. . . . Therefore, the interpretation of a stipulated judgment, like the interpretation of a contract, is usually a question of fact. . . . The language of a contract is a question of law only where the language is definitive and unambiguous." (Citations omitted; internal quotation marks omitted.) Town CloseAssociates v. Planning Zoning Commission, 42 Conn. App. 94, 107,679 A.2d 378, cert. denied, 239 Conn. 914, 682 A.2d 1014 (1996).
The record reflects that the agreement between Tagert and the town of Westport is embodied in two documents: Resolution 85-63-1 and the stipulation for judgment dated February 7, 1986. Resolution 85-63-1 granted Tagert permission to obtain a special permit subject to certain conditions including "the sit-down patron bar on the outside patio to the south of the Inn building shall be changed to a service bar only" and "a Zoning Permit shall be obtained within one year of this approval or said approval shall become null and void." The stipulation for judgment provided that Resolution 85-63-1 was made apart of the judgment and further stated that there will be no patron bar.
The court concludes as a matter of law that the patio bar is subject to the stipulated judgment entered in 1986 because the language in the stipulated judgment definitively and unambiguously states that "there will be no patron bar." Although Tagert may believe that the provisions of the stipulated judgment were conditional upon him obtaining a zoning permit, the clear language of Resolution 85-36-1 and the stipulation for judgment do not indicate that the conversion of the patio bar from a patron bar to a service bar was conditional. DeCaro, Inc. argues that it would make no sense to hold it to a condition on a stipulated judgment when Tagert never obtained the relevant permit. However, this court has "no right to add a new term to a contract, though it [may be] clear that had the attention of the parties been called to it in all probability it would have been inserted." (Internal quotation marks omitted.) Pesinov. Atlantic Bank of New York, 244 Conn. 85, 93, 709 A.2d 540 (1998). The court believes that the stipulated judgment reasonably and logically should be construed as analogous to an option contract. Tagert agreed to limit the patio bar in order to receive permission to expand the restaurant for one year. Tagert's exercise of his right to obtain the permit needed to expand the restaurant was not necessary to create a binding contract. See Cutter Development Corp.CT Page 5497v. Peluso, 212 Conn. 107, 110, 561 A.2d 926 (1989).
DeCaro, Inc. contends that the provisions converting the patio bar to a service bar are void because they were beyond the scope of the 1985-86 zoning appeal and the PZ's authority. See Beckish v.Planning and Zoning Commission, 162 Conn. 11, 18, 291 A.2d 208
(1971); Drake v. Planning and Zoning Commission, Superior Court, judicial district of Fairfield, Docket No. 230800 (September 12, 1995, Levin, J.). A zoning board "does not have the power to change one of the zoning regulations by imposing a condition which is clearly contrary to a requirement of the regulations." Farina v.Zoning Board of Appeals, 157 Conn. 420, 423, 254 A.2d 492 (1969). However, DeCaro, Inc. has not provided any evidence that the condition imposed upon Tagert in 1986 was contrary to the Westport Zoning Regulations. In deciding whether to grant a special permit, the Westport Zoning Regulations provide, in part, that "the commission shall determine that the proposed use conforms to the overall intent of these regulations and shall consider in each case whether the proposed use will . . . (5) Not have a significant adverse affect on safety in the streets nor unreasonably increase traffic congestion in the area, nor interfere with the pattern of highway circulation." Westport Zoning Regulations § 44-6. The record indicates that parking and the flow of traffic to the subject property were concerns for the ZBA throughout the relevant time period. Assuming that the PZ was subject to such considerations when it entered the stipulated judgment with Tagert, the PZ certainly had the authority to limit the use of the patio bar in order to control the additional traffic that could result from an expanded restaurant.
The present case is distinguishable from Farina v. Zoning Boardof Appeals, 157 Conn. 420, 425, 254 A.2d 492 (1969), wherein the Connecticut Supreme Court held that road improvements required under the zoning ordinances would not have to be completed prior to obtaining a special exception. The court stated: "If road improvements were required to be completed as a condition precedent to granting the special exception, they could very well have been made needlessly since the special exception could later be denied on a variety of other grounds." Id. The present case does not involve an interpretation of a zoning regulation, but the interpretation of a condition added to a stipulated judgment. The stipulation for judgment explicitly states: "[T]here will be no patron bar." (ROR, Item 15, Exhibit N.) "Although parties might prefer to have the court decide the plain effect of their contract contrary to the agreement,it is not within its power to make a new and different agreement;contracts voluntarily and fairly made should be held valid andenforced in the courts." (Emphasis in original; internal quotation CT Page 5498 marks omitted.) Tallmadge Brothers v. Iroquois Gas TransmissionSystem, 252 Conn. 479, 506, ___ A.2d ___ (2000).
Even if the court found the language of the stipulated judgment ambiguous, the conduct of the parties gave the ZBA sufficient basis as the finder of fact to conclude that all parties intended that the patio bar become a service bar regardless of whether Tagert obtained the zoning permit. "Interpretation [of a contract] requires a determination of the intention of the parties as manifested by their words and conduct." (Internal quotation marks omitted.) Larson v.Jacobson, 38 Conn. App. 186, 190, 659 A.2d 753 (1995). Westport zoning officials annually attached the condition that the patio bar operate as a service bar in every zoning permit for the subject property from 1987 through 1998. Instead of appealing this condition, Tagert or DeCaro, Inc. accepted each permit without objection. DeCaro, Inc. and Tagert also made concessions to Westport zoning officials since 1986 that demonstrate an adherence to the stipulated judgment, including reducing the patio bar to twelve feet, requiring customers to stand back from the bar, agreeing to install plexiglass to keep customers away from the bar and accepting the conditions of the 1995 zoning permit from the administrative review committee of the planning and zoning commission. DeCaro, Inc. and Tagert insist that they made these concessions "in the spirit of cooperation." However, the consistent efforts by the town of Westport to enforce the service bar restriction and Tagert's failure to appeal any of the restrictions on the annual zoning permits provided the ZBA with sufficient evidence to conclude that the parties to the 1986 stipulated judgment intended the restriction on the use of the patio bar to remain in effect regardless of Tagert's failure to obtain the zoning permit to expand the subject property.
For the foregoing reasons, the court dismisses DeCaro, Inc.'s appeal.
___________________ D'ANDREA, J.