[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Malcolm McRae, seeks to collect the balance of a promissory note dated December 18, 1988, and executed by the defendant, Valerie H. Free, in the principal amount of $100,000, plus annual interest of 10%. The case was assigned for trial before an attorney trial referee, but on October 9, 1998, at a pretrial settlement conference, the parties entered into a stipulation which, on November 9, 1998, on motion of the plaintiff, was entered as a judgment of this court, Karazin, J.
The stipulation for judgment provided that the debt owed by the defendant was $192,684.81 as of October 9, 1998, but that the plaintiff would accept $75,000 in full satisfaction of the judgment "provided that Plaintiff's counsel receives a sworn financial affidavit confirming the defendant's inability to pay a greater portion of the debt." On or about October 28, 1998, the defendant paid the plaintiff the sum of $75,000, which he accepted, and she also filed a financial affidavit which is the source of the controversy between the parties.
This financial affidavit has three parts, the first of which sets forth the defendant's net monthly income of $2,892. The second part is entitled "liquid assets" and pertains to bank accounts in the amount of $6,693. The third part of the affidavit refers to the defendant's monthly expenses in the amount of $3,280, and includes $1,673 for a mortgage, real estate taxes, utilities and household maintenance. Assets and liabilities were not included.
The plaintiff claims that the affidavit is false and misleading because it does not include the value of the defendant's real estate on Valleywood Road in Cos Cob, a section of Greenwich, the equity in which could have been used to satisfy the debt in its entirety. Furthermore, the plaintiff contends that the defendant, through counsel, represented that although the value of her home was approximately $500,000, it was encumbered by a mortgage in the approximate amount of $400,000. Moreover, the plaintiff claims that the defendant fraudulently represented that she did not have sufficient assets to pay more than $75,000 to settle the plaintiff's action. The plaintiff contends that a title search indicated that the mortgage on the defendant's home was for $75,000 only, which is confirmed by the small monthly mortgage payment indicated on the defendant's affidavit.[1]
The defendant contends that the affidavit is accurate because the intent of the parties when they entered the stipulation was that the defendant would file an affidavit demonstrating that her current liquid assets were insufficient to pay more than $75,000 on the debt. Moreover, the defendant claims that the parties never discussed her fixed or non-liquid assets, such as real estate, and never contemplated that they would be used to satisfy her debt to the plaintiff in full. CT Page 8836
The plaintiff filed a judgment lien on the defendant's Valleywood Road property on December 2, 1998. In January of 1999, the plaintiff sought a bank execution in an attempt to collect the full amount of the debt, $192,684.81, less, of course, the $75,000 previously paid by the defendant.
The defendant filed a motion (#116) captioned "To Enforce Stipulated Settlement" dated February 3, 1999, which is the subject of the present proceedings.[2] The plaintiff's attorney succinctly and accurately stated: "The purpose of this hearing is to determine what the intent of the parties was at the time of the settlement conference in 1998." The motion seeks to compel the plaintiff to: (i) file; a satisfaction of judgment; (ii) release a judgment lien filed against the defendant's real estate on Valleywood Road, Cos Cob; (iii) cease efforts to execute on the defendant's bank accounts; and (iv) stop attempting by way of post judgment interrogatories to collect the full amount of the judgment.
The wording of the stipulation is ambiguous. The plaintiff argues that it was meant to include all the defendant's assets, including real estate, whereas the defendant contends that the affidavit was not meant to include her real estate, but only liquid assets. The wording of the stipulation does not resolve this issue. Because the agreement does not contain "definitive contract language," and there is "doubt as to the relevant surrounding circumstances," the court is guided by TallmadgeBrothers, Inc. v. Iroquois Gas Transmission System, 252 Conn. 479, 495,746 A.2d 1277 (2000). In short, it cannot be said that in this stipulation "the parties meant what they said and said what they meant." Id., 497. Thus, the contract "must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and circumstances connected with the transaction." (Internal quotation marks omitted.) Id. 498.
At this hearing, several things stood out starkly. First, the affidavit filed by the defendant uses the words "liquid assets" and the plaintiff did not immediately protest the failure to include the real property belonging to the defendant. Rather, the plaintiff waited from October 28, 1998, when the affidavit was filed and the $75,000 accepted, until December 2, 1998, when his lawyer protested to the defendant's lawyer about the accuracy of the affidavit. On that same day the plaintiff filed a judgment lien on the defendant's realty.
Second, the affidavit explicitly includes mortgage payments and other household expenses, so the defendant was not hiding the fact that she owned a home. In addition, there does not seem to be any doubt that the plaintiff and defendant were-well acquainted, so to speak, and that the CT Page 8837 plaintiff knew about the defendant's home.[3]
An additional reason that the defendant should prevail is that the plaintiff drew up the stipulation of settlement and, therefore, could have easily inserted some language stating that the defendant should include all assets, fixed as well as liquid, or that the defendant's realty should be included. See Rund v. Melillo, 63 Conn. App. 216, 222,772 A.2d 774 (2001) ("When there is ambiguity, we must construe contractual terms against the drafter.")
Moreover, in order to pay $75,000 to the defendant, the plaintiff sold all her stock and closed out her IRA and Keogh accounts. Sale of the defendant's real estate was not mentioned at the pretrial settlement conference. The stipulation provided that the $75,000 had to be paid in one month, i.e., by November 9, 1998, and a sale or refinancing would have been difficult to accomplish that quickly. The court finds, therefore, that it is reasonable to infer that the parties had in mind the sale of liquid assets only. Furthermore, this is confirmed by the fact that the defendant did not include her automobile in her affidavit because, as she testified, it was not a liquid asset.
For these reasons, the court concludes that the intent of the parties in entering into the stipulation was to exclude the defendant's real estate in her affidavit. It appears by the weightier or better evidence that the plaintiff wanted to know the total amount of liquid assets in order to be sure that the defendant did not have sufficient liquid assets to satisfy the full amount of the debt, or at least to pay more than $75,000, but without resorting to a sale or refinancing of her home.
Accordingly, the defendant's motion to enforce the stipulated settlement in the amount of $75,000 is granted and the plaintiff shall file a satisfaction of judgment and a release of his judgment lien.
So Ordered.
Dated at Stamford, Connecticut, this 6thday of July, 2001.
 William B. Lewis Judge T.R.