[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
Before the court is the plaintiffs application for a preliminary injunction. The plaintiff claims that the defendant has violated the non-competition and non-solicitation clauses of a past employment contract and, therefore, should be held from farther violating the agreement. CT Page 7576
Richard Elia, the defendant, is a part-time tax preparer. Before working for the plaintiff, HR Block Eastern Tax Services, Inc. (HR Block), the defendant was a tax preparer operating his own business. In 1993, the defendant left his practice to work for the plaintiff.
The plaintiff hired the defendant as a seasonal employee. Each year, the parties would sign a new agreement containing essentially the same terms.[1] The plaintiff has put into evidence the latest employment agreement, effective until April 18, 2000, which contains the following clauses: (1) "Noncompetition Covenant. Employee covenants that during the two-year period following termination of this Agreement (such period to be extended by any period (s) of violation), Employee will not prepare an income tax return, file a return electronically or provide any additional or alternative products or services that the Company offers in Employee's district of employment for any of the Company's clients serviced by Employee or with whom Employee became acquainted by reason of access, knowledge or information gained while employed by the Company." and (2) "Antisolicitation Covenant. Employee covenants that during the two-year period following termination of this Agreement (such period to be extended by any period (s) of violation), Employee will not solicit, divert or take away, or attempt to solicit, divert or take away, directly or indirectly, any of the Company's clients, those who were serviced by Employee or with whom Employee became acquainted by reason of access to or knowledge of information gained while employed by the Company."
The defendant was last employed by the plaintiff on April 2000. After that season, the defendant decided to no longer work for the plaintiff
Subsequently, the defendant began to operate his own tax preparation business. It is uncontested that the defendant prepared taxes for clients who he had also prepared taxes for while employed by the plaintiff The defendant claims, and the testimony shows, that these clients had previously been his clients before he worked for the plaintiff and that he had never taken any action to persuade the clients to hire him for tax preparation work.
On April 5, 2002, the plaintiff filed suit against the defendant, requesting a preliminary injunction. On May 7, 2002, the court heard evidence from both parties regarding the application for a preliminary injunction.
 DISCUSSION
"In order to obtain injunctive relief, a party must establish a reasonable degree of probability of success on the merits of its claim CT Page 7577 and the imminence of substantial irreparable injury for which there is no adequate remedy at law. The court must also consider the harm to the respective parties and to any public interests that may be affected by the entry or failure to enter injunctive relief Griffin Hospital v.Commission on Hospital and Health Care, 196 Conn. 451, 457 (1985), citingOlcott v. Pendleton, 128 Conn. 292, 295 (1941)." Musto v. Opticare EyeHealth Centers, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. CV 99 00155663 (August 9, 2000, Hodgson,J.)[2]
The plaintiff asserts that it has proven that it has a likelihood of success on the merits and tat the non-competition and anti-solicitation clauses are reasonable as a matter of law. The court need not decide whether the clauses are reasonable because whether the plaintiff has demonstrated a likelihood of success is dispositive in this mater.
At the hearing, the plaintiff presented evidence that the defendant serviced some of the same clients that he had serviced while employed by the plaintiff The plaintiff, however, did not prove how the defendant began his relationship with these clients. The defendant testified that he did not pursue business from these clients, that they called him, and that these clients were his former clients before he affiliated with the plaintiff Moreover, two witnesses corroborated the defendant's assertion.
In order to determine whether the plaintiff has shown a likelihood of success on the merits, the court must determine whether the plaintiff has shown that the defendant has breached the non-competition and anti-solicitation clauses of the employment agreement. This requires an interpretation of the parties' agreement. "Although ordinarily the question of contract interpretation being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Dacruz v. State Farm Fire and Casualty Company,69 Conn. App. 507, 514, ___ A.2d ___ (2002).
The non-competition clause states that the defendant shall not prepare tax forms "for any of the Company's clients serviced by Employee or with whom Employee became acquainted by reason of access. knowledge orinformation gained while employed by the Company." (Emphasis added.) Similarly, the anti-solicitation clause restricts the defendant from diverting "any of the Company's clients, those who were serviced by Employee or with whom Employee became acquainted by reason of access toor knowledge of information gained while employed by the Company." (Emphasis added.) The question now before the court is what the phrase "by reason of access to or knowledge of information gained while employed CT Page 7578 by the Company" modifies. If that phrase only modifies the term "with whom Employee became acquainted" then the plaintiff will have demonstrated that it has a likelihood of success on the merits. If, however, the phrase modifies each of the categories, that is "any of the Company's clients, those who were serviced by Employee or with whom Employee became acquainted" then the plaintiff will have failed to have met his burden.
Reading the contract, the court finds this phrase to be ambiguous. It is unclear whether this term modifies only the last category or all three categories. "The applicable rule of contract interpretation in such situations is well sealed. When there is ambiguity, we must construe contractual terms against the drafter." (Internal quotation marks omitted.) Rund v. Melillo, 63 Conn. App. 216, 222, 772 A.2d 774 (2001). The plaintiff drafted the employment agreement. Accordingly, the court construes the contract phrase, "by reason of access to or knowledge of information gained while employed by the Company", to modify all three categories of impermissible clients.
The court must determine whether the plaintiff has shown that the defendant used his "access to or knowledge of information gained while employed" to solicit or service the plaintiff's clients. At the hearing, the plaintiff failed to show that the defendant worked with former HR Block clients who he had not worked for prior to his employment. The plaintiffs evidence consisted of a list of the defendant's clients during and after his employment. It did not show whether the defendant had serviced those clients before his HR Block employment. Moreover, the defendant and two witnesses testified that he was merely preparing taxes for clients with whom he had done work prior to his employment with plaintiff This evidence shows that the defendant did not use the "access to or knowledge of information gained while employed" to divert or prepare taxes for the plaintiffs clients. Accordingly, the court finds that the plaintiff has failed to meet its burden because it has failed to demonstrate that it is likely to succeed upon the merits.
 CONCLUSION
For the foregoing reasons, the court finds that the plaintiff has failed to meet its burden and, accordingly, denies the application for a preliminary injunction.
 ___________________ Frank S. Meadow Judge Trial Referee